In re SMITH'S ESTATE.

**FIRST NAT. BANK OF MEMPHIS, TENN., v. HENSLEE, Collector of Internal Revenue.**

No. 508.

District Court, M. D. Tennessee, Nashville Division.

Jan. 28, 1946.

H. H. Honnoll and F. E. Hagler, both of Memphis, Tenn., for plaintiff.

A. O. Denning, Asst. U. S. Atty., of Nashville, Tenn., and Courtnay C. Hamilton, Sp. Atty., Department of Justice, of Washington, D. C., for defendant.

DAVIES, District Judge.

The above entitled cause was heard before the Court on the 5th day of April, 1945.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

### Findings of Fact.

1. The plaintiff seeks in this case to recover of the Collector the sum of $15,418.28, together with statutory interest, as an alleged overpayment of income and defense taxes made by the estate of Hugh C. Smith, deceased, for the period August 26, 1940, to December 31, 1940.

2. Hugh C. Smith died testate on August 25, 1940, leaving no issue but leaving a widow, a brother, a sister, and the descendants of deceased brothers and sisters. The decedent's will, dated February 20, 1939, was probated in the County Court of Obion County, Tenn., and letters testamentary were issued on September 3, 1940, to the plaintiff bank.

3. The will of Hugh C. Smith provided, inter alia, (1) for the payment of all debts and funeral expenses, (2) a specific devise of the home and bequest of the household effects to the widow and general bequests to others, (3) a residuary trust, one-half of the income of which was to go to the widow for life, the other to decedent's surviving brother and sister for life, the remainder after the deaths of the widow, brother and sister, to the descendants of all his brothers and sisters, per stirpes, and (4) all inheritance and succession taxes were to be paid out of the residuary estate. The will appointed the plaintiff bank executor of the will and also trustee of the residuary estate, and the bank qualified as such on September 3, 1940.

4. The widow duly dissented from the will on September 16, 1940, and thereby became entitled to the exempt property, a year's support out of the personalty, a one-third interest in the personalty not required to pay debts, and dower interest in the realty not required to pay debts, all as provided by the laws of Tennessee.

5. The estate of the decedent consisted largely of real estate, stock, bonds, mortgages, notes, cash and certain Coca-Cola bottling business. The Coca-Cola bottling business consisted of real estate and paraphernalia usually used in mixing and bottling soft drinks. Neither the gross nor

net value of the estate was shown in the proof.

6. The plaintiff, on March 13, 1941, filed a fiduciary income tax return of the estate for the period August 26, 1940, to December 31, 1940, which disclosed a total net income in the amount of $51,292.96, and a total income and defense tax liability in the amount of $15,418.28. The tax thus disclosed was paid to the defendant as Collector of Internal Revenue for the District of Tennessee in four equal quarterly installments of $3,854.57 each, on March 15, 1941, June 4, 1941, September 2, 1941, and December 4, 1941.

7. The original claim for refund of the full amount of the taxes thus paid was filed with the defendant Collector on December 28, 1943, and hence a period of more than six months had expired before the commencement of this suit, without the Commissioner having either allowed, rejected, or denied said claim. It was upon this claim that the suit was commenced and prosecuted to the date of the trial.

8. Another claim for refund of only a part of the taxes was filed with the Collector on October 13, 1944, three days after the commencement of this suit. Mention of this claim in the case was first made on a motion to amend the complaint during the trial.

9. Upon its qualification as such, the plaintiff entered upon the discharge of its duties as executor of the estate. It was as executor that the plaintiff filed the return and paid the tax, and in this same capacity the plaintiff filed both the original and the other claim for refund. The income of the estate consisted chiefly of interest, rents, dividends, and profits from the bottling business, and went into the hands of plaintiff bank, as executor of the estate. No part of the income of the estate nor any other property of the estate has come into the hands of the plaintiff bank as trustee under the will. The plaintiff bank has done no act or thing, in the capacity of trustee, touching any property or income of the estate. The debts of the decedent are not disclosed in the proof, and there is no direct evidence as to whether the estate is solvent or insolvent.

10. During the taxable period here involved the pro-rata share of the beneficiaries of the residuary trust were impossible of ascertainment, and apparently no tax was paid by any beneficiary on any part of the income received by the estate.

11. The estate is still in process of administration. Plaintiff bank has never had any property of the estate in its hands in the capacity as trustee, has not made any distribution to the beneficiaries of the residuary trust. The debts of the estate have not yet been accurately ascertained. The amount of the corpus of the residuary trust could not have been ascertained during the taxable period, and cannot yet be accurately computed.

12. No part of the income of the estate was paid or credited by the plaintiff to any heir or beneficiary under the will during the taxable period.

13. No part of the income of the estate was currently distributable during the taxable period by the executor, and no part thereof was distributed or credited to any beneficiary or to the residuary trustee.

14. The will of the decedent provided that payment of the income of the residuary estate should be made by the plaintiff bank as trustee of the testamentary trust and not as executor.

### Conclusions of Law

1. Subsection (b) of Section 162 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 162(b), which the plaintiff contends is controlling in this case, is a general provision. It applies where the income of a fund is to be paid currently by the fiduciary to the beneficiary, and presupposes the present right of the beneficiary to receive it. In such case the beneficiary is liable to income tax upon the income whether he receives it or not, and the fiduciary is entitled to a deduction of such income taxable to the beneficiary in the income tax return filed by the fiduciary, whether the fiduciary's books have credited the beneficiary with such income or not.

2. Subsection (c) of Section 162 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 162(c), is a particular provision. It applies generally to estates in process of administration or settlement. A particular provision of a statute takes precedence over a general provision.

3. There was no present right on the part of the beneficiaries to receive the income of the estate, even though the will as construed by the Chancery Court of Shelby County, Tenn., provided that the income was to accrue to the beneficiaries "as and from the date of the death of the testator." This is true because the estate

during the taxable period was in process of administration, and in fact still is. The plaintiff's capacity as executor was entirely different from its capacity as trustee. While acting as executor it was under the orders of the County Court of Obion County, Tenn., where it was bound by law to make its final settlement as executor after the estate had been fully administered. During the process of administration the income of the estate was the property of the plaintiff as executor. The plaintiff was under no obligation to pay over any income of the estate to the testamentary trust beneficiaries while acting as executor, and the trust beneficiaries did not have an enforcible right against the executor for such payment.

4. The net income of the residuary estate was not "to be distributed currently by the fiduciary" to the testamentary trustee during the period of the administration.

5. The testamentary trust beneficiaries were not liable to income tax upon their distributive shares of the income during the taxable period.

For the reasons cited in the foregoing conclusions, the plaintiff shall have nothing of the defendant, and the suit will be dismissed.

Judgment accordingly.